Mr. David G. Tucker Escambia County Attorney 14 West Government Street, Room 411 Pensacola, Florida 32501
Dear Mr. Tucker:
You have asked for my opinion on substantially the following question:
Is the Board of County Commissioners of Escambia County, acting through the duly appointed director of its emergency management agency, authorized by Chapter 252, Florida Statutes, to lawfully order the evacuation of persons from areas of the county threatened by an imminent natural or manmade disaster?
In sum:
Chapter 252, Florida Statutes, when read together with Executive Order No. 80-29, authorizes the Board of County Commissioners of Escambia County, acting through the director of the county emergency management agency, to order or direct the evacuation of county citizens when threatened by a disaster in the absence of a directive from the Governor.
Chapter 252, Florida Statutes, the "State Emergency Management Act," prescribes with particularity the powers and duties of state and local governments with regard to the occurrence of disasters or emergencies of unprecedented size and destructiveness resulting from enemy attack, sabotage or other hostile action or from natural or manmade causes.
The act places in the Governor primary responsibility for meeting the dangers presented to the state and its people by emergencies.[1] The Governor is authorized by the act to issue executive orders, proclamations, and rules to accomplish these responsibilities and these orders and rules have the effect of law.[2] A state of emergency must be declared by the Governor by executive order or proclamation if he determines that an emergency has occurred or is imminent.[3]
In addition to the other powers conferred upon the Governor by Chapter 252, Florida Statutes, it is within the discretionary powers conferred upon the Governor by Chapter 252, Florida Statutes, to "[d]irect and compel the evacuation of all or part of the population from any stricken or threatened area within the state if he deems this action necessary for the preservation of life or other emergency mitigation, response, or recovery."[4]
Two provisions of Chapter 252, Florida Statutes, specifically authorize the Governor to delegate his or her emergency responsibilities. General authority to delegate these responsibilities is provided by section 252.36(1)(a), Florida Statutes, which states that the Governor "is authorized to delegate such powers as he may deem prudent." Further, section 252.36(8), Florida Statutes, provides that:
The Governor shall delegate emergency responsibilities to the officers and agencies of the state and of the political subdivisions thereof prior to an emergency or threat of an emergency and shall utilize the services and facilities of existing officers and agencies of the state and of the political subdivisions thereof, including their personnel and other resources, as the primary emergency management forces of the state . . . .
The duty to delegate imposed on the Governor is qualified by the requirement that such delegation must be effected prior to any disaster or threat of a disaster. Also, such delegation must be by executive order or proclamation, as provided for in section252.36(2), Florida Statutes.
On April 14, 1980, Governor Graham issued Executive Order No. 80-29.[5] Section 4 of the order provides in part that:
Political subdivisions of the state (counties) shall, and municipalities may, by interlocal agreement or otherwise, take pre-emergency action as prescribed in Chapter 252, including, but not limited to, the following:
* * *
(f) Nothing contained in this order shall prevent local jurisdictions from taking prompt and necessary action to save lives and protect the property of their citizens, including the authority to compel and direct timely evacuation when necessary in the absence of the Governor's directive.
As described above, one of the discretionary powers conferred upon the Governor is to direct and compel the evacuation of all or part of the population from any stricken or threatened area if he deems such action necessary.[6] Thus, section 4(f) of the Executive Order delegates to local governments the authority to compel and direct timely evacuation when necessary in the absence of an executive order or directive of the Governor.[7]
Section 252.38, Florida Statutes, sets forth the emergency management powers of political subdivisions and states that "[s]afeguarding the life and property of its citizens is an innate responsibility of the governing body of each political subdivision of the state." Each county is required to establish and maintain an emergency management agency and to develop a county emergency management plan and program that is coordinated and consistent with the state comprehensive emergency management plan and program.[8] Each local emergency management agency has jurisdiction over and serves an entire county.[9]
The statutes require that a director of each county emergency management agency be appointed and have his annual salary fixed by the board of county commissioners of the county. The director is appointed by the board of county commissioners and serves at the pleasure of the board, subject to their direction and control, in conformance with applicable resolutions, ordinances, and laws.[10]
Pursuant to section 252.38(1)(b), Florida Statutes:
Each director has direct responsibility for the organization, administration, and operation of the county emergency management agency, subject only to the direction and control of the governing body of the county. The director shall coordinate emergency management activities, services, and programs within the county and shall serve as liaison to the division and other local emergency management agencies and organizations.
In short, the director acts at the direction or in the place of the board of county commissioners for emergency management activities.
Thus, it is my opinion that a board of county commissioners, acting through the director of the county emergency management agency, is authorized by Chapter 252, Florida Statutes, and Executive Order No. 80-29, Office of the Governor, to order the evacuation of persons from areas of the county threatened by an imminent natural or manmade disaster in the absence of a directive from the Governor.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 252.36(1)(a), Fla. Stat.
[2] Section 252.36(1)(b), Fla. Stat.
[3] Section 252.36(2), Fla. Stat.
[4] See, s. 252.36(5)(e), Fla. Stat.
[5] This office has been advised that this Executive Order is still in effect.
[6] Section 252.36(5)(e), Fla. Stat.
[7] See, Op. Att'y Gen. Fla. 83-59 wherein it is stated that "[s]ection 4(f) of the executive order [Executive Order No. 80-29] appears to delegate to local governments the authority to compel and direct timely evacuation when necessary in the absence of an executive order or directive of the Governor."
[8] Section 252.38(1)(a), Fla. Stat. Rather than proceeding individually, counties may join together pursuant to an interjurisdictional emergency management agreement under s.252.38(1)(b) which must be recognized by the Governor by executive order or rule.
[9] Section 252.38(1)(a), Fla. Stat.
[10] Section 252.38(1)(b), Fla. Stat.